IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | CIVIL NO. 09-00150 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| ABNER K. GOMEZ; and MARGARET KAY TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO DISMISS

I.      INTRODUCTION.

This is a diversity action involving insurance coverage.  Janet J. Anderson sued Abner K. Gomez and Margaret Kay Taylor in state court for allegedly failing to disclose certain problems in a house they sold to Anderson.  Gomez and Taylor tendered Anderson's claims to their homeowner's insurance carrier, Allstate Insurance Company, which filed this action.  Allstate seeks a declaration that it does not have to defend and indemnify Gomez and Taylor with respect to Anderson's state-court claims.

Gomez and Taylor have moved to dismiss Allstate's Declaratory Judgment Act complaint, arguing that this court should abstain from ruling on it because of the existence of the state-court action filed by Anderson.  The motion to dismiss is denied without a hearing pursuant to Local Rule 7.2(d).

II.     BACKGROUND.

This case arises out of the sale of property by Gomez and Taylor to Anderson.  In a complaint filed by Anderson in state court on February 6, 2009, Anderson alleges that Gomez and Taylor failed to fully disclose problems with the property, including problems with the roof, improper water proofing, flooding, a former termite problem, nonfunctioning toilets, faulty and/or substandard electrical wiring, mold, rust, swollen and rotting siding, and an improperly constructed foundation. See Complaint, Civ. No. 09-1-0313-02 ¶ 15 (Feb. 6, 2009). Anderson asserted claims of breach of contract (Count 1), breach of the implied covenant of good faith and dealing (Count 2), negligent/intentional misrepresentation (Count 3), negligent/intentional nondisclosure (Count 4), promissory estoppel (Count 5), and unjust enrichment (Count 6).

Gomez and Taylor apparently tendered the defense of Anderson's state-court suit to their homeowner's insurance carrier, Allstate.  Allstate, which is not a party to any state-court action concerning this dispute, filed this action against Gomez and Taylor pursuant to the Declaratory Judgment Act, asking this court to determine whether Allstate must defend and/or indemnify Gomez and Taylor with respect to Anderson's claims. Among numerous grounds for denying coverage, see Complaint (Apr. 6, 2009), Allstate asserts that it has no duty to defend or

indemnify because misrepresentation of real estate claims is not an "occurrence" covered by the policy and because Anderson's complaint does not assert covered claims of "bodily injury" or "property damage."  See, e.g., Plaintiff Allstate Insurance Company's Motion for Summary Judgment (August 3, 2009) (Doc. No. 13).

III.    ANALYSIS.

Gomez and Taylor ask this court to refrain from exercising jurisdiction over Allstate's Declaratory Judgment Act claims.  Gomez and Taylor argue that this court should allow the state court to proceed with the underlying action and should abstain from adjudicating the insurance coverage issues.  The court denies the motion to dismiss.

The Declaratory Judgment Act states that "courts may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  This court is therefore under no compulsion to exercise its jurisdiction over Declaratory Judgment Act cases.  See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).  Rather, this court has discretion as to whether it will entertain Declaratory Judgment Act cases.  See Wilton v. Seven Falls Co., 515 U.S. 277, 288-89 (1995).

In Brillhart, the Supreme Court stated that it would ordinarily

> be uneconomical as well as vexatious for a
> federal court to proceed in a declaratory
> judgment suit where another suit is pending
> in a state court presenting the same issues,
> not governed by federal law, between the same
> parties.  Gratuitous interference with the
> orderly and comprehensive disposition of a
> state court litigation should be avoided.

Brillhart, 316 U.S. at 495.  Brillhart set forth a nonexhaustive list of factors district courts should consider in determining whether to stay or dismiss a federal court Declaratory Judgment Act case:

> Where a district court is presented with a
> claim such as was made here, it should
> ascertain whether the questions in
> controversy between the parties to the
> federal suit, and which are not foreclosed
> under the applicable substantive law, can
> better be settled in the proceeding pending
> in the state court.  This may entail inquiry
> into the scope of the pending state court
> proceeding and the nature of defenses open
> there.  The federal court may have to
> consider whether the claims of all parties in
> interest can satisfactorily be adjudicated in
> that proceeding, whether necessary parties
> have been joined, whether such parties are
> amenable to process in that proceeding, etc.

Id.

In an en banc decision, the Ninth Circuit has stated that this court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).  The Ninth Circuit

suggested other considerations for this court to consider in deciding whether to stay or dismiss a Declaratory Judgment Act case in favor of a pending state-court proceeding: 1) whether the declaratory action will settle all aspects of the controversy; 2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; 4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; 5) the convenience of the parties, and 6) the availability and relative convenience of other remedies. Id. n.5.

When parallel state proceedings exist, "there is a presumption that the entire suit should be heard in state court." Id. at 1225.  However, the existence of a state-court action does not automatically bar a request for federal declaratory relief.  Id.  "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically."  Id.

    A.   The Litigation is Not Duplicative.

On balance, the Brillhart/Dizol factors do not weigh in favor of dismissing this action.  First and foremost, the underlying state-court action does not involve Allstate or

Allstate's obligations under the homeowner's insurance policy. That is, the state court is not being asked to determine whether Allstate has a duty to defend or indemnify Gomez and Taylor. Under the circumstances here, it is not at all clear that any issue that may be decided in the state court action will be duplicative of an issue decided in this matter.

The duty to indemnify is owed "for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy exclusion." Dairy Road Partners v. Island Ins., 92 Haw. 398, 413, 922 P.2d 93, 108 (2000). The obligation to defend an insured is broader than the duty to indemnify. The duty to defend arises when there is any potential or possibility for coverage. Sentinel, 76 Haw. at 287, 875 P.2d at 904. However, when the pleadings fail to allege any basis for recovery under an insurance policy, the insurer has no duty to defend. Pancakes of Haw. v. Pomare Props., 85 Haw. 286, 291, 944 P.2d 83, 88 (1997).

Relying entirely on the allegations of the state court complaint, Allstate may be able to demonstrate that it has no duty to defend. Even if this court determines that Allstate owes a duty to defend, it is not entirely clear that the state court will resolve factual issues necessary for this court to determine whether Allstate has a duty to indemnify. At best, Gomez and Taylor postulate that the determination of whether their conduct

was intentional might be necessary to determine whether the "intentional acts" exclusion applies.  However, it may well be that this court can determine Allstate's obligations without having to decide factual issues such as whether Gomez and Taylor's conduct was intentional.  Accordingly, under the circumstances presented here, the pending state court action is not sufficiently duplicative to justify dismissal of the present action.  Of course, should it become clear that adjudication of a matter in state court will involve duplicative litigation, Gomez and Taylor may renew their motion.

This court is not persuaded by Gomez and Taylor's citation of American National Fire Insurance Company v. Hungerford, 53 F.3d 1012, 1019 (9th Cir. 1995), for the proposition that "[c]ourts should generally decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting issues of state law during the pendency of proceedings in state court."  See Motion (July 8, 2009) at 22 (quoting Hungerford, 53 F.3d at 1019).  In quoting Hungerford, Gomez and Taylor leave out the word "parallel" before the word "proceedings."  Thus, Hungerford only stands for the proposition that federal courts should abstain when parallel proceedings exist, not whenever other proceedings in state court exist.  As discussed above, Anderson's state-court proceeding is not parallel to the present Declaratory Judgment Act case.

>     B.   This Case Will Not Involve Needless Determinations
>          of State Law.

The next factor this court examines in determining whether to abstain from a Declaratory Judgment Act case is whether the case involves needless determinations of state law. This factor concerns unsettled issues of state law, as opposed to fact-finding in the specific case. See Allstate v. Davis, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006).

Under Hawaii law, general rules of contract construction apply to the interpretation of insurance contracts. Dawes v. First Ins. Co. of Haw., 77 Haw. 117, 121, 883 P.2d 38, 42 (1994). This means that an insurance policy must be read as a whole and construed in accordance with the plain meaning of its terms, unless it appears that a different meaning is intended. Id. at 121, 883 P.2d at 42; First Ins. Co. of Haw. v. State, 66 Haw. 413, 423, 665 P.2d 648, 655 (1983); see also Haw. Rev. Stat. § 431:10-237 (Michie 2004) ("[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy"). Interpreting insurance contracts using general rules of contract construction does not usually involve complex issues of unsettled Hawaii law. See State Farm Fire & Cas. Co. v. Jenkins, 2009 WL 529083, *5 (D. Haw., March 3, 2009).

While no reported Hawaii court decision has interpreted the specific policy language at issue here under similar facts,

8

that does not necessarily mean that this court should abstain. In saying this, this court is cognizant that another judge in this district took a different approach in Keown v. Tudor Insurance Company, 621 F. Supp. 2d 1025, 1032 (D. Haw. 2008). The judge in Keown, finding no Hawaii court decision construing the scope of a particular liability insurance exclusion, concluded that he should remand the action seeking a declaration of the parties' rights under Hawaii law so that the state court could determine the matter, which had been originally filed in state court.  Id.; see also Complaint for Declaratory Relief, Civ. No. 07-1-0192 (Dec. 17, 2007) ¶ 3 ("This Court has jurisdiction over this Complaint for Declaratory Relief under Haw. Rev. Stat. §§ 603-21.5 and 21.7 et seq., and 431:10-241 (2007)").  Clearly, the present case, having been originally filed in this court, is procedurally distinguishable from Keown, as remand is not an available option here.  It is not clear that the judge in Keown would have dismissed the matter he remanded. This court notes in any event that it has interpreted insurance policies under Hawaii law on numerous occasions using straightforward applications of contract principles.  The court sees no reason to abstain in the present case, as the case does not present unduly complex issues and as no pending Hawaii case has been identified by the parties that will interpret the applicable policy language.

C. <u>There is No Evidence of Forum Shopping Here.</u>

The next factor this court considers in examining whether to abstain from adjudicating a Declaratory Judgment Act case is whether the action involves forum shopping. The Ninth Circuit has stated that this factor is designed to discourage an insurer from "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." See <u>Am. Cas. Co. Of Reading, Penn. v. Krieger</u>, 181 F.3d 1113, 1119 (9th Cir. 1999).

Because Allstate is not a party to the underlying state-court suit, and because it is unlikely that Allstate could even be joined in such a suit, see <u>Olokele Sugar Co. v. McCabe, Hamilton, & Renny Co.</u>, 53 Haw. 69, 71-72, 487 P.2d 769 (1971), forum shopping is not a reason this court should abstain.

D. <u>The Other Dizol Factors Do Not Support Abstention.</u>

In <u>Dizol</u>, the Ninth Circuit suggested other considerations for a court to consider in deciding whether to stay or dismiss a Declaratory Judgment Act case in favor of a pending state-court proceeding. These considerations do not support abstention here.

Although this case will not resolve all of the issues pertaining to the sale of the property to Anderson by Gomez and Taylor, it will resolve all pending insurance coverage issues and

will therefore serve a useful purpose in clarifying the legal relations at issue.

This case does not appear to have been filed merely for the purposes of procedural fencing or to obtain a "res judicata" advantage.

Nor will this case necessarily result in entanglement between the federal and state court systems, as the insurance coverage issues presented here are separate and distinct from the breach of contract and tort issues asserted in the underlying state-court case.  The court recognizes the possibility that some factual finding might be necessary in both cases.  However, because there has been no showing that such factual findings will be necessary to decide this matter, it cannot be said that there is excessive entanglement here.

Although it may be inconvenient for Gomez and Taylor to litigate against Anderson in state court and against Allstate in federal court, the court determines that the convenience of the parties does not weigh in favor of abstention.  The state court action is proceeding in a state court building across the street from this court, so there is no geographical burden.  Any inconvenience that Gomez and Taylor may suffer by having to litigate in two separate forums is at least equaled by the inconvenience Allstate would suffer if this court abstained, forcing Allstate to either file a declaratory action in state

court or face uncertainty about its obligations for the duration of the underlying state-court action.

IV.	CONCLUSION.

Because the Brillhart/Dizol factors do not weigh in favor of abstention, the motion to dismiss is denied.  This denial is without prejudice to the filing of a similar motion should new circumstances warrant a stay or dismissal of this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Allstate Insurance Company v. Gomez, et al., CIVIL NO. 09-00150 SOM/BMK; ORDER DENYING MOTION TO DISMISS